**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JERRY HOOKS,
#87495,

  *Plaintiff*,

vs.

BRUCE BANNISTER, *et al.*

  *Defendants*.

3:12-cv-00682-RCJ-WGC

ORDER

This prisoner civil rights action comes before the Court following a stay for mediation efforts and further upon multiple pending motions (## 1, 26, 27, 29, 30, 33, 42, 44, 47 and 48) described with greater particularity herein.

### *Motion to Amend (#42)*

Plaintiff's motion (#42) to amend the complaint will be denied without prejudice.

As the Ninth Circuit has explained, a pleading that says too much can violate federal pleading rules just as can a pleading that says too little:

> . . . . Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. Fed.R.Civ.P. 8(a). Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little — the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Rule is also violated, though, when a pleading says too much. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and

> opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

*Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

The 63-page proposed pleading presented with the motion to amend presents a paradigm case of an overly prolix and confusing pleading that violates the short and plain statement rule of Rule 8.  For example, it is no clearer twenty pages into Count I than it is on the first page of the count what specific constitutional claim or claims that the count alleges.  The pleading instead reads as a stream of consciousness rant rather than as a statement of a legal claim or claims.  Moreover, the allegations of the proposed amended complaint are interspersed with legal argument and citation to legal authority.  A pleading is used to allege the facts supporting a claim for relief; it is not a proper place for legal argument and citation.

The proposed pleading is suitable neither for screening nor for service for a response.  The Court therefore will deny the motion to amend without prejudice.

If plaintiff seeks to amend the complaint again, he should note the following.  First, the instructions for the Court's required civil rights complaint form, with which plaintiff must comply, provide that only one constitutional claim may be included within a count.  Plaintiff may not include multiple constitutional claims within one count as he appears to do in the present proposed pleading.  Second, the Court will limit plaintiff to only two additional pages per count in addition to the beginning page for each count from the complaint form.

Meanwhile, the Court will direct that the stay be lifted and that the matter proceed forward on the pleadings as they currently stand.

### *Motions to Amend Screening Order (## 47 & 48)*

Plaintiff's motion (#48) to amend his motion to amend the scheduling order will be granted only to the extent of allowing plaintiff to amend the motion.

Plaintiff's motion (#47) to amend the screening order, as amended, will be denied. The motion seeks reconsideration of, *inter alia*: (a) the dismissal of Count VI of the amended complaint (#15) as duplicative of Count IV; and (b) the dismissal of Count IV without prejudice

for failure to state a claim, but subject to leave to amend.  The Court is not persuaded on the showing made that the prior order was incorrect.  The Court notes again that the dismissal of Count IV was without prejudice and subject to leave to amend to correct the deficiencies identified in the screening order.

### *Remaining Motions (## 26-27, 29-30, 33 & 44)*

Plaintiff's motion (#26) to raise his copy credit limit will be denied on the showing made.  The Court does not approve blanket, open-ended requests to raise an inmate's copy credit limit based upon a form motion.  Plaintiff did not attach a copy of a response showing that a request to copy legal materials had been denied because he had no remaining copy credit.  Nor did plaintiff seek a specific amount for additional copies for a particular need.  Plaintiff refers broadly to a need to make a multitude of copies for service.  However, in this District, formal service is necessary only for defendants as to whom the Nevada Attorney General does not accept service following informal electronic service.  Moreover, plaintiff will not be required to make photocopies of pleadings for service by the Marshal.  The record in this matter further reflects – extensively – that any limits on the extent to which plaintiff is able to make legal copies has not prevented him from accessing the court.

Plaintiff's motion (#29) to allow legal purchases also will be denied on the showing made.  Plaintiff seeks to be allowed to purchase "legal material (i.e. books) unavailable through either of the prison libraries."  The First Amendment requires only that inmates be able to access the courts; it does not mandate that inmates be provided a particular set of legal resources, including particular legal books.  *See Lewis v. Casey*, 518 U.S. 343, 350-51 & 354-55 (1996).  The Constitution thus does not require that an inmate be allowed to obtain unspecified books simply because they are unavailable in the prison law library.  Again, the record in this matter reflects, extensively, that plaintiff has been able to access the court with the resources available to him.  To the further extent that plaintiff has an issue with how a book order that he placed was handled at the prison, he may pursue such an issue only within a claim for relief in a pleading filed in an appropriate state or federal action.  The Court will not address a claim for relief presented by motion rather than properly in a pleading.

Plaintiff's motions (## 27 & 30) seeking copies of filings herein will be granted to the extent that the Court will direct the Clerk to provide plaintiff a copy of his prior pleadings and proposed pleadings as well as of the docket sheet.

Plaintiff's motion (#33) to extend the time to file a proof that the complaint has been served will be denied as unnecessary. In this type of case, plaintiff's time to serve defendants does not begin to run until after the Nevada Attorney General has filed a notice in response to this order that the Attorney General is not accepting service for a particular defendant or defendants.

Plaintiff's second (#44) application to proceed *in forma pauperis* will be denied as unnecessary as the Court will grant the first pauper application (#1). Plaintiff does not need to file a new pauper application with each pleading. The first pauper application suffices.

IT THEREFORE IS ORDERED that: **(a)** plaintiff's motion (#42) to amend is DENIED without prejudice; **(b)** plaintiff's motion (#48) to amend his motion (#47) to amend the screening order is GRANTED to the extent that the Court allows plaintiff to amend the motion; **(c)** the motion (#47) to amend the screening order, as amended, is DENIED; **(d)** the motion (#26) to raise the prison copywork limit and motion (#29) to allow legal purchases both are DENIED on the showing made; and **(e)** the motion (#33) to extend time to file proof of service and second application (#44) for leave to proceed *in forma pauperis* both are DENIED as unnecessary.

IT FURTHER IS ORDERED that the motions (## 27 & 30) for copies are GRANTED to the extent that the Clerk shall SEND plaintiff a copy of the docket sheet, copies of prior pleadings and proposed pleadings (*i.e.*, ## 1-1, 3, 14 & 45), and four blank complaint forms.

IT FURTHER IS ORDERED:

1. That, upon the Court's finding that plaintiff is unable to pay a substantial initial partial filing fee, the first application (#1) to proceed *in forma pauperis* is GRANTED, subject to the remaining provisions herein. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

2.      That plaintiff is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

3.      That, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also **SEND** a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

4.      That the stay previously entered herein is LIFTED and that, within **twenty-one (21)** days of entry of this order, the Attorney General's Office shall file a notice advising the Court and plaintiff of: (a) the names of the defendant(s) for whom it accepts service; (b) the names of the defendant(s) for whom it does **not** accept service, **and** (c) the names of the defendant(s) for whom it is filing last-known-address information under seal. As to any of the named defendant(s) for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, the last known address(es) of those defendant(s) for whom it has such information.

5.      If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name **and** address for the defendant(s).

6.      If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the remaining claims within sixty (60) days from the date of this order.

/ / / /

7. That, henceforth, plaintiff shall serve upon defendants' counsel a copy of every pleading, motion or other document submitted for consideration by the Court and shall attach a certificate of such service with the paper submitted. Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a judge that has not been filed with the Clerk and any paper which fails to include a certificate showing proper service.

DATED:     February 18, 2014.

_____
ROBERT C. JONES
United States District Judge