# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JERRY HOOKS,

    *Plaintiff*,

vs.

BRUCE BANNISTER, *et al.*

    *Defendants*.

3:12-cv-00682-RCJ-WGC

ORDER

In this prisoner civil rights action, plaintiff has filed a renewed motion (#63) to raise his copy credit limit, and defendants have filed a motion (#71) for an enlargement of time. Plaintiff seeks a prison copy credit limit increase of $30.00 to $50.00 along with an order that he also be provided a fire box.[1]

Plaintiff has not made a showing of any particularized need within the context of this action in the district court for a copy credit limit increase. However, out of an abundance of caution, and in deference to consideration by the Court of Appeals of the pending appeal, the Court will direct a $10.00 increase in the copy credit limit, for use in the district court and in connection with the appeal. Plaintiff

---

[1] Defendants urge that plaintiff has not satisfied the requirements of Rule 60(b) in seeking reconsideration of a prior denial of a similar motion. Rule 60 has no application to this procedural context. Rule 60 is directed to relief from a final judgment or order. The Court has not entered any final judgment or final order herein. The law instead is well-established that a federal district court has plenary authority over an interlocutory order, and the court has the inherent power to reconsider, revise or amend the order, without regard to the limitations of Rules 59 and 60. *See, e.g., City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). However, this district has frequently utilized the standards applicable to a motion to alter or amend a judgment under Rule 59(e). *See, e.g., Hensy v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278 at * 1 (D. Nev. 2010).

should not expect any further increase without a particularized showing of substantial need.

Nothing in the right of access to the courts requires that an inmate have a fire box. Nor is the Court inclined to further intrude into the realm of the day-to-day security and operational decisions of state correctional officials with regard to what plaintiff may have in his cell and/or what items he may have without cost.

The motion for an enlargement of time will be granted.

IT THEREFORE IS ORDERED that plaintiff's renewed motion (#63) to raise his copy credit limit is **GRANTED IN PART** and **DENIED IN PART**, such that the Nevada Department of Corrections shall increase petitioner's copy credit limit by ten dollars ($10.00) for use for this case over and above any increase provided for by any other court order, with the motion in all other respects being denied.

IT FURTHER IS ORDERED that defendants' motion (#71) for an enlargement of time is **GRANTED**, such that the time for the moving defendants to file a response to the complaint is extended up to and including May 12, 2014.

The Clerk shall SEND a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

DATED: April 18, 2014.

_____
WILLIAM G. COBB
United States Magistrate Judge