# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JERRY HOOKS, | ) | 3:12-cv-00682-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. # 74** |
| BRUCE BANNISTER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion to Set Aside Extension. (Doc. # 74.) As best as the court can discern, Plaintiff opposes an extension granted to Defendants to file a response to Plaintiff's complaint. (*See* Order granting extension at Doc. # 72.) Plaintiff argues that he was not given an opportunity to oppose the request for an extension of time. (Doc. # 74.) He also appears to contend that he has not been given a chance to conduct discovery. (*Id*.) He requests an order that Defendants be compelled to respond to the complaint. (*Id*.)

After screening the complaint and addressing several motions by Plaintiff to amend the complaint, the court issued an order on February 18, 2014, ordering the Attorney General's Office to file a notice within twenty-one days advising the court of the names of the defendants for whom it would accept service as well as those for whom it would not accept service and directing them to file under seal the last known address of those defendants for whom it would not accept service. (Doc. # 50 at 5 ¶ 4.) In addition, the court ordered that if the Attorney General accepts service of process for any named defendant, that defendant shall file and serve an answer or other responsive pleading within sixty days of the date of the order. (*Id*. ¶ 6.)

1           On March 5, 2014, the Attorney General's Office filed a notice of acceptance of service on behalf
2    of Defendants Baker, Bannister, Bryant, Harold Byrne, Cox, Cruse, Dolezal, Drain, Foster, Godoy,
3    Gregersen, Holmes, Koehn, Peck, and Smith. (Doc. # 52.) Thus, these Defendants were deemed served
4    on March 5, 2014. It indicated that it did not accept service on behalf of Defendant Boss, who it claimed
5    was unidentifiable, or for Defendant Michael Byrne, which it believed was an alias of Harold M. Bryne,
6    on whose behalf it had accepted service. (*Id*.) Finally, it did not accept service on behalf of former
7    employee Carmazzi, and submitted the last known address under seal. (*Id*., Notice and Under Seal
8    Submission at Docs. # 53, # 54.)
9           First, as to Plaintiff's argument that he was not given an opportunity to respond to Defendants'
10   request for an extension of time, Local Rule 6-1(a) provides that "[e]very motion requesting ... [an]
11   extension of time ... shall be 'Filed' by the Clerk and processed as an expedited matter," which the court
12   did in this matter.
13          In addition, a responsive pleading must be filed within twenty-one days after a defendant is
14   served with the summons or complaint, or if a defendant has timely waived service of the complaint,
15   within sixty days after the request for a waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(i), (ii). Nevertheless,
16   Federal Rule of Civil Procedure 6(b) provides: "When an act may or must be done within a specified
17   time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court
18   acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after
19   the time has expired if the party failed to act because of excusable neglect." This rule is subject to several
20   exceptions, none of which is applicable here.
21          Pursuant to the court's order (Doc. # 50), for the defendants on whose behalf the Attorney
22   General had accepted service, a responsive pleading was due on or before April 19, 2014. This was a
23   Saturday, therefore, the deadline to file a responsive pleading was Monday, April 22, 2014. *See* Fed. R.
24   Civ. P. 6(a)(1)(C). Defendants filed their motion requesting an enlargement of time to file their
25   responsive pleading on April 16, 2014 (Doc. # 71); this was before the deadline ran to file their
26   responsive pleading. Therefore, the court was permitted to extend the time within which to file a
27   responsive pleading "with or without motion or notice". Fed. R. Civ. P. 6(b)(1)(A). In their motion,
28   Defendants' counsel indicated that he had been preparing Defendants' responsive pleading but

encountered a delay in preparing the necessary documentation which necessitated the request for an extension to file the document. (Doc. # 71 at 2.) The court found this amounted to good cause for granting the request for an extension of time. Accordingly, the court was within its authority to issue the order extending the deadline for Defendants to file a responsive pleading without affording Plaintiff an opportunity to respond.

Defendants did not file an answer or motion under Rule 12(b), but instead filed a motion for summary judgment on May 12, 2014. (Doc. # 75.) While not argued directly, Plaintiff's motion raises the issue of whether or not Defendants were required to file an answer to the complaint on or before the extended deadline in addition to or before filing their motion for summary judgment. Nothing in Rule 12(a) or Rule 56 addresses whether a pre-answer motion for summary judgment tolls the time to answer. The Ninth Circuit has not weighed in on this issue. While one court has held that the filing of a motion for summary judgment does not toll the deadline to file an answer as does a motion filed under Rule 12(b), *Modrowski v. Pigatto,* 712 F.3d 1166, 1170 (7th Cir. 2013), most courts to address the issue have determined that a pre-answer motion for summary judgment may toll the time to file an answer. *See, e.g., Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) (citation omitted); *Mann v. Lee*, No. C 07-00781 MMC (PR), 2009 WL 5178095, at * 3 (N.D. Cal. Dec. 22, 2009) ("time for defendants to answer the complaint should be extended until after the summary judgment motion has been decided, in that such motion adequately demonstrates defendants' intent to defend against plaintiff's action and may be dispositive of all of plaintiff's claims"); *Bova v. City of Medford,* Civ. No. 06-1369-PA, 2008 WL 89620, at * 2 (D. Or. 2008), *rev'd on other grounds,* 564 F.3d 1093 (9th Cir. 2009); *Parks v. Doan,* No. 1:06-CV-1885-TWT, 2007 WL 757649, at * 5 n. 3 (N.D. Ga. 2007) (defendant not required to file answer while summary judgment motion pending); *Rashidi v. Albright*, 818 F.Supp. 1354, 1356 (D. Nev. 1993), (denying motion for default judgment for failure to timely file answer where summary judgment motion "demonstrate[d] a concerted effort and an undeniable desire to contest the action"), *judgment aff'd*, 39 F.3d 1188; *see also* 10A The Late Charles Alan Wright, et. al., Federal Practice & Procedure § 2718 (3d ed. 1998) (tolling provision of Rule 12(a) should, by analogy, apply to summary judgment motion filed prior to answer).

The court concludes that under these circumstances, the time for filing an answer should be tolled

while the motion for summary judgment is pending, as it is when a defendant files a motion under Rule 12(b). In making this determination, the court is persuaded by Judge Reed's analysis in *Rashidi v. Albright*, *supra*:

> [T]he Federal Rules of Civil Procedure are unclear on this issue. The better practice would have been to file an answer, however, the rules allow a defending party to move for summary judgment 'at any time.' Fed. R. Civ. P. 56(b). Reasons exist for the postponement of the responsive pleading until the determination of a motion for summary judgment which will be entirely dispositive of the action if the rules are construed as required by Fed. R. Civ. P. 1 to secure the just, speedy and inexpensive determination of every action. There seems little reason to require a long, burdensome and expensive investigation to file an answer when the contents of the answer may be entirely useless by the dispositive nature of the action on the motion.
> . . . .In some instances it may be necessary for a court to order defendants to file a responsive pleading before deciding the motion for summary judgment motion. In certain contexts this serves to help clarify issues and assist the court in determining whether there are any genuine issues of fact that would preclude granting summary judgment.

*Rashidi*, 818 F.Supp. at 1357. Judge Reed's rationale, adopted by this court, is consistent with the Advisory Committee's comments to the 2010 amendment to Rule 56(b): "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case."

In this action, Plaintiff alleges that his rights under the Eighth Amendment were violated when Defendants were deliberately indifferent to his serious medical needs. He also contends that Defendants retaliated against him. Defendants' motion for summary judgment (Doc. # 75), if granted, would dispose of the entirety of Plaintiff's action. Requiring Defendants to file an answer before proceeding with a determination on their dispositive motion would not go along with the direction of Federal Rule of Civil Procedure 1 which states that the rules should be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Requiring Defendants to file an answer before proceeding with an analysis of their motion for summary judgment would not help clarify the issues in this case or aid the court in determining whether a genuine dispute of material fact exists that would preclude summary judgment. Instead, the court views the motion for summary judgment as the best vehicle for aiding it in clarifying the issues and spotting disputed issues of fact. Therefore, in this instance the filing of the motion for summary judgment tolls the deadline for

4

Defendants to file their answer.

Next, to the extent Plaintiff is arguing that the order extending this deadline should be set aside because he has not had a chance to conduct discovery, that argument is also unavailing. It is true that a scheduling order has not yet been entered formally allowing discovery to proceed; however, Rule 56 expressly permits a party to file a motion for summary judgment at "any time" which would necessarily include the time before discovery has been completed or even commenced.

Plaintiff previously filed a motion requesting to conduct discovery. (Doc. # 61.) The court issued an order denying the motion without prejudice, noting that the Defendants had not yet filed a response to his complaint, which would trigger the issuance of a scheduling order which would allow discovery to commence. (Doc. # 65.) The court stated that Plaintiff's request was premature and that the scheduling order would issue once Defendants filed their answer or good cause otherwise indicated that discovery should proceed. (*Id.*)

If Plaintiff believes that he needs to conduct discovery in order to respond to Defendants' motion for summary judgment, he may file a motion under Federal Rule of Civil Procedure 56(d), supported by an affidavit or declaration, stating that he needs to conduct discovery in order to present facts essential to oppose the motion, and seeking an order deferring the time to respond to Defendants' motion for summary judgment. Fed. R. Civ. P. 56(d). If Plaintiff intends on filing such a motion, he should do so promptly. *See Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009). In any such motion, Plaintiff must specifically identify the relevant information he seeks to discover and show that there is a basis for believing that the information sought actually exists. *Id*.

In conclusion, Plaintiff's motion to set aside the extension (Doc. # 74) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 22, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE