# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JERRY HOOKS, | ) | 3:12-cv-00682-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. # 124** |
| BRUCE BANNISTER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's "Reimvocation of A.B.A. 6.11 Disbarment & Motion for Rule 11(c) Sanctions" (Doc. # 124)[1] and his Notice of Motion (Doc. # 123). Plaintiff's motion includes two declarations of Plaintiff, Exhibit A (Doc # 124 at 9-10) and Exhibit B, (*id*. at 11-19). Defendants have opposed. (Doc. # 126.) No reply memorandum was submitted by Plaintiff.

The court denies Plaintiff's motion (Doc. # 124) on two grounds, one procedural and one substantive.

As to the procedural deficiency in Plaintiff's motion, Plaintiff failed to provide Defendants, i.e., Defendants' counsel, an opportunity to withdraw or correct any irregularities in Defendants' earlier submissions. Fed. R. Civ. P. 11, upon which Plaintiff predicates his motion, includes a "Safe Harbor" provision. Rule 11(c)(2) provides as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses including attorney's fees, incurred for the motion.

---

[1] Refers to court's docket number.

Thus, Plaintiff's motion could not be filed without first providing Defendants' counsel notice of Plaintiff's objections to counsel's submissions to allow counsel to correct or withdraw the submission. The failure to provide the required notice has been held to preclude an award of Rule 11 sanctions. *Winterrowd v. American General Annuity Insurance Co.*, 556 F.3d 815, 826 (9th. Cir. 2009).

Substantively, even if Plaintiff's motion were properly before the court, Defendants have sufficiently rebutted Plaintiff's six citations of allegedly sanctionable actions. The six subjects of Plaintiff's motion are summarized in Defendants' opposition memorandum as follows:

> (1) Plaintiff claims that Defense Counsel has "sought the Court's issuance of summary judgment by concealment of [a] neurology rpt. within his control . . . [that] was attached to the Jan. 30, 2011 (informal informative) kite by the Plaintiff." [#124 at 2];
>
> (2) Plaintiff accuses Defense Counsel of withholding "another imperative piece of 'deliberate indifference' evidence from (Feb. 6, 2013) pharmacy e-mail, which contradicts his feigned posture that Hooks continued to be dispensed his complete blood pressure (B/P) & Hemorrhoidal regimen." [#124 at 2];
>
> (3) Plaintiff accuses Defense Counsel of failing to propound the October 1, 2008, version of Ely State Prison ("ESP") Operating Procedure ("OP") 609. [#124 at 4];
>
> (4) Plaintiff claims that Defense Counsel has failed to investigate the toxicity level at which Metoprolol is known to be fatal. [#124 at 6];
>
> (5) Plaintiff also claims that the Declaration of Dr. Koehn, attached as Ex. A to Defendants' Motion for Summary Judgment [#75] contains false statements concerning the fabricated claim of Plaintiff taking 1500 mg of Metoprolol;
>
> (6) Plaintiff further argues that he was not provided a copy of *Cummings v. Lewis*, 112 F.3d 515 (9th Cir. 1997), an unpublished case cited to by Defendants despite requesting a copy from Defendants. [#124 at 12].

Doc. # 126 at 2-3.

As a starting point, to the extent certain of Plaintiff's contentions relate to discovery issues, e.g., paragraphs 1 through 3 (and possibly paragraph 6), Plaintiff's motion is inappropriate because Rule 11 by its terms does not apply to disclosures and discovery requests, responses and motions under Rules 26 through 37. Rule 11(d). Although formal discovery has not yet been authorized in this matter (Doc. # 130), it appears that certain of Plaintiff's allegations arise relative to what documents Defendants have, or have not, made available to Plaintiff.

Irrespective of whether Plaintiff's motion pertains to discovery issues, the court finds Defendants have persuasively rebutted Plaintiff's assertions of misconduct which he attributes to Defendants'

counsel. (Doc. # 126.) It is also telling that Plaintiff filed no argument in reply to Defendants' opposition which, had Plaintiff done so, would have provided more insight to the essence of his contentions.

Although as noted above some of Plaintiff's allegations of misconduct might be considered matters regarding discovery, the gravamen of Plaintiff's claims appear to relate to assertions contained in Defendants' motion for summary judgment. Plaintiff states in that regard as follows:

> That in Mr. Keegan's contemptuous disregard of declarant's civil rights he has violated § 1623 [illegible] with factual assertions, submitted in his motion for summary judgment, constituting unverifiable [v]ouching.

(Doc. # 124 at 11.)

This court has stayed briefing of Defendants' motion for summary judgment. (Doc. ## 89, 130.) Because Plaintiff will be allowed to undertake discovery specifically fashioned to the arguments defendants have asserted (Doc. # 130 at 10-11), to the extent Plaintiff's allegations have not already been addressed and answered by Defendants' opposition (Doc. # 126), Plaintiff will have the opportunity to explore his allegations certain medical records or evidence were not brought before the court or were somehow misrepresented.

Whether Rule 11 sanctions are appropriate is a matter of discretion, and in this instance, it would likely constitute an abuse of discretion if the court were to award Rule 11 sanctions. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

To the extent Plaintiff seeks "A.B.A. 6.11 Disbarment" of Defendants' counsel, Plaintiff provides no basis for the court entertaining discipline under an American Bar Association Model Rule on counsel's actions. Plaintiff's citation of "C.J.C. Canon 3.D" (Doc. # 124 at 3) is presumably a reference to the Canons of Judicial Ethics, but Plaintiff fails to correlate the court's obligation, under certain circumstances, to investigate the fitness of a lawyer to Plaintiff's reference to "A.B.A. 6.11." Further complicating the court's review of Plaintiff's filing is that the copy of Plaintiff's motion and memorandum is so light that it is for the most part illegible and unintelligible. Nevertheless, for the reasons identified above, overruling Plaintiff's claims of counsel's alleged misconduct, which the court found do not constitute sanctionable actions under Rule 11, the court declines to impose any sanctions or seek to generate "disbarment" under "A.B.A. 6.11."

///

Plaintiff's motion for sanctions and disbarment (Doc. # 124) is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED: December 3, 2014

*[signature: William G. Cobb]*
_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4