UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JERRY HOOKS, | ) | 3:12-cv-00682-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | **re: Doc. # 134** |
| | ) | |
| BRUCE BANNISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's "Notice: Request for Leave to "Meet and Confer" for Discovery Scheduling." (Doc. # 134.)[1] Defendants have opposed. (Doc. # 135.)

The long and somewhat tortured history of this case was extensively summarized in this court's order of December 2, 2014. (Doc. # 130.) Briefly, however, after Defendants filed their motion for summary judgment (Doc. # 75), Plaintiff filed a motion for an extension of time to conduct discovery. (Doc. # 82.) At a hearing conducted on the status of this case, Plaintiff was instructed that under Fed. R. Civ. P. 56(d), he had to advise the court of the discovery he contended he needs to undertake to be able to oppose Defendants' motion. (Doc. # 80 at 5.) He was advised to do so "promptly." (*Id.*)

Instead, Plaintiff filed another motion to enlarge time to respond to Defendants motion for summary judgment (Doc. # 82), which the court granted. (Doc. # 83.) At another hearing on the status of this case, Plaintiff was again directed to file his proposed "targeted discovery" by July 11, 2014. (Doc. # 89 at 2.) "Targeted discovery" was the court's characterization of the specific discovery Plaintiff claims he would need to undertake to be able to respond to Defendants' motion for summary judgment.

---

[1] Refers to court's docket number.

Plaintiff filed a memorandum concerning the court's instructions to submit his proposed discovery to the court. (Doc. # 95.) Plaintiff's memorandum was <u>not</u> in compliance with the court's directions. Accordingly on December 2, 2014, the court advised Plaintiff as follows:

> The court's intent regarding the scope of the discovery Plaintiff was seeking leave to undertake pursuant to Rule 56(d) was to insure any such discovery narrowly focused on the issues Defendants raised in their dispositive motion, i.e., the "targeted discovery." Unfortunately, the court cannot discern from Plaintiff's filings (Docs. ## 95, 96 and 106) the precise nature of the discovery Plaintiff is seeking to undertake. It appears to the court Plaintiff seeks to serve requests for production/inspection and requests for admissions. However, as Defendants have noted in their opposition, certain of Plaintiff's proposed discovery are not limited to matters raised by Defendants' motion for summary judgment but rather, address issues which are not even within the scope of claims in Plaintiff's amended civil rights complaint which were allowed to proceed by the screening order. (Doc. # 97 at 2.)
>
> This, unfortunately, was *not* what the court meant by "targeted discovery."

(Doc. # 130 at 5: 8-17.)

The order provided Plaintiff even more precise and detailed instructions on how he should specifically proceed with respect to the targeted discovery. (Order, 12/2/14, Doc. # 130 at 5; Appendix, *id*., at 10-11.) Plaintiff's proposed discovery was to be submitted to the court within thirty days of the court's order. (Doc. # 130 at 5.) The court further ordered that Defendants should address the proposed discovery Plaintiff might request he be allowed to undertake within fourteen days of receipt. (*Id*.)

However, no proposed discovery was submitted by Plaintiff by his January 2, 2015 deadline. Instead, some three weeks after the deadline, Plaintiff filed a "Notice" requesting a meet and confer with Defendants counsel to rectify the NDOC's alleged interference with his ability to proceed on this case. (Doc. # 134.)

Defendants' response rebuts Plaintiff's contention he has not had access to the library, copying, legal supplies or whatever. (Doc. # 135.) Defendants state that Plaintiff also has had the ability to kite requests for material or the assistance of a law clerk, but did not do so. (*Id*., at 2.) The Declaration of Associate Warden Michael Fletcher, which accompanied Defendants' response, confirms these assertions. (Doc. # 135-1.) Associate Warden Fletcher's declaration further states:

> Inmate Hooks has not submitted any kites requesting legal supplies or legal assistance and I have confirmed that Inmate Hooks has not submitted any grievances alleging that he has been denied legal supplies or that he has had his legal work confiscated by staff at Ely State Prison.

(*Id.* at 4.)

**CONCLUSION**

Because Plaintiff has failed to follow the orders of this court (Docs. ## 80, 89, 130), the issue of targeted discovery and any extension to complete discovery is **MOOT.** Plaintiff's Notice/Request (Doc. # 134) is **DENIED.** The court lifts the **STAY** of briefing (Doc. # 89) as to Defendant's motion for summary judgment, and Plaintiff shall have **forty-five (45) days to and including March 27, 2015,** to respond to the Defendants' motion for summary judgment (Doc. # 75). Defendants' reply to Plaintiff's response shall be filed **fourteen (14) days** after receipt of Plaintiff's response. Local Rule 7-2(e). If the Defendants' motion for summary judgment is denied in whole or in part, the court will convene a discovery conference to address the matter of discovery on any substantive issues which remain.

**IT IS SO ORDERED.**

DATED: February 10, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE