UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JERRY HOOKS, | ) | 3:12-cv-00682-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Docs. # 153 and # 155** |
| BRUCE BANNISTER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Court's Reinstatement Order Staying Doc. # 134 Discovery Scheduling." (Doc. # 153.[1]) Defendants have responded (Doc. # 157) and Plaintiff has replied (Doc. # 160.) Also before the court is Plaintiff's Petition for Writ of Mandate and Prohibition. (Doc. # 155.) Defendants have responded (Doc. # 159) and Plaintiff has replied. (Doc. # 160).

**Doc. # 153 Motion for Reinstatement Order**

Despite its convoluted title, Plaintiff's motion basically seeks to reopen discovery. The history of this matter reflects that this case has been the subject of some 29 motions filed by Plaintiff on a range of subjects including, but not limited to, Plaintiff's motions for extensions of time, to defer time or set aside extension granted (#10, #33, #56, #73, #74, #82, #84, #90); for preliminary injunction (#15); for temporary restraining order (#16); for extension of copy work credit limit (#26, #63); for appointment of counsel (#17, #59); for copies of court documents (#27, #30); to amend the complaint (#42); to alter/amend the screening order (#47, #51); to amend the motion to alter/amend the screening order (#48).

---

[1] Refers to court's docket number.

1  On June 5, 2014, Plaintiff filed his motion to defer responding to Defendants' dispositive motion to conduct discovery (Doc. # 84). The court conducted a hearing on Plaintiff's motion on June 18, 2014. The court found that Plaintiff's motions for extension of time to undertake discovery did not satisfy Fed. R. Civ. P. 56(d) in that the motion did not specifically identify the relevant discovery Plaintiff sought to undertake, nor did Plaintiff explain how that discovery, if permitted, might preclude the entry of summary judgment. Resolution of Defendants' motion for summary judgment, however, was stayed until the court had reviewed the proposed discovery Plaintiff wanted to undertake. Plaintiff was directed to file a memorandum regarding the proposed "targeted" discovery specifically tailored to the issues presented by Defendants' motion for summary judgment, no later than Friday, July 11, 2014. (Doc# 89 at 2.)

On June 26, 2014, Plaintiff sought additional time to outline his proposed discovery #90). The court denied Plaintiff's request and directed him to comply with the July 11, 2014, deadline (#92). The court issued a subsequent order on December 2, 2014, defining the targeted discovery which Plaintiff would be allowed to conduct and directed Plaintiff to submit the actual discovery he proposed to serve on the Defendant within thirty days of the order (#130). Rather than providing the proposed discovery as ordered, Plaintiff instead filed a "Notice: Request for Leave to Meet and Confer for Discovery Scheduling" (#134) on January 20, 2015. The court denied Plaintiff's request (#130) because Plaintiff failed to follow the orders of this court (Docs. ## 80, 89 and 130) and held the targeted discovery issue and any extension to complete discovery was moot. The court lifted the stay of briefing of Defendants' motion for summary judgment and set a March 27, 2015 deadline for Plaintiff to respond to the dispositive motion. (Doc. # 136.)

Inasmuch as discovery is closed and the dispositive motions have been fully briefed, Plaintiff's motion seeking reinstatement of discovery (Doc. #153) is **DENIED AS MOOT**.

**Doc. # 155 Petition for Writ of Mandate and Prohibition**

Plaintiff's petition for Writ of Mandate and Prohibition, which the court interprets as being a motion to strike (as opposed to an extraordinary writ), attacks the veracity of the Declaration of Associate Warden Michael Fletcher which was attached to the Defendants' response to Plaintiff's Notice and Request for Leave to Meet and Confer (Doc. # 134). Plaintiff claims he was denied access to the

court system, the law library and other legal resources which prevented him from serving discovery on the Defendants. However this assertion is not supported by the record in this matter.  As noted above, Plaintiff failed to follow the orders of this court concerning the issue of targeted discovery and the deadline for any discovery was closed. The court also sees no legitimate basis to strike the Fletcher declaration.

Plaintiff's petition for a writ of mandate  (Doc. # 155) is **DENIED.**

**IT IS SO ORDERED.**

DATED: June 10, 2015

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE