UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY HOOKS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BRUCE BANNISTER, et. al.,<br><br>　　　　　　　　　　　Defendants. | 3:12-cv-00682-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>Re: Doc.# 101 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's Motion for Preliminary Injunction &/or Protective Order. (Doc. # 101.)[1] Defendants filed a response (Doc. # 113) and Plaintiff filed a reply (Doc. # 122).

## **I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., Doc. # 14.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Defendants are Dr. Michael Koehn, Angela Gregerson, Gail Holmes, Steven Smith, Bruce Bannister, Harold Byrne, James Cox, Boss, Renee Baker, Sheryl Foster, and Michael Cruse. (Screening Order, Doc. # 35.)[2]

---

[1] Refers to court's docket number.

[2] Service was never accepted on behalf of Boss and it does not appear that Plaintiff has served him to date; therefore, the court has concurrently issued a recommendation that the District Judge issue a notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve Boss within 120 days of filing the amended complaint.

Plaintiff was allowed to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Koehn, Gregerson, Holmes, Smith, Bannister, Byrne, Cox, Boss, Baker and Foster, as well as retaliation claims against Dr. Koehn, Gregerson and Holmes asserted in Counts III, VII and IX, based on the following allegations:

Plaintiff claims that Dr. Koehn confiscated his "keep-on-person" (KOP) medications, including those for hypertension and severe, chronic back disorders and threatened to discontinue all of his medications if he "continu[ed] to play lawyer." Nurses Gregerson and Holmes allegedly failed to administer one part of Plaintiff's drug regimen or another in retaliation for his lawsuit. Plaintiff suffered heart palpitations, headaches and chest pain as a result. Boss allegedly ignored an emergency grievance of which he was aware for three hours while Plaintiff gasped for breath and suffered chest pain. Plaintiff asserts he was finally taken to the infirmary and admitted and treated for ten days for an irregular heart rhythm. Nursing Assistant Steve Smith allegedly conspired with his supervisors to discontinue Plaintiff's treatment. Plaintiff claims he suffered chest pain, headaches, and severe anxiety attacks for two months. Defendants Baker, Foster, Byrne, and Bannister allegedly denied grievances about the lack of treatment. Plaintiff also alleges that Dr. Koehn later discontinued heart medications and let Plaintiff suffer with agonizing tooth pain for thirty days. Dr. Koehn ordered officers to confiscate all Plaintiff's prescriptions and had him placed in an isolation cell for a day; then later discontinued Plaintiff's medications for two months, and then six months later discontinued his medications for another two months causing chest pain and anxiety. He alleges that Baker, Bannister and Cox denied his grievances about the discontinuation of his medications. (Doc. # 35 at 8-11.)

Plaintiff was also allowed to proceed with a retaliation claim against Cruse in Count V based on the allegation that Cruse prevented Plaintiff from getting certain personal property when he was transferred to ESP, in retaliation for his litigation. (Doc. # 35 at 13.)

Plaintiff has filed a motion for preliminary injunction or protective order. (Doc. # 101.) The motion is difficult to decipher and the court is unable to determine exactly what relief Plaintiff seeks. Plaintiff states that he sought "the concurrence of Def. Byrne waiver of service

1  under F.R.C.P. 4(d). by submitting it to ...C.C.W.S. II; Sandoval whom stated shed give it to
2  him. Apr. 18. Her immediate supervisor came to my cell, threw it onto my cell floor signed
3  "denied" stating "we don't except stuff like that"..." He then states: "Hooks seeks protection
4  (order) from Byrnes' 5/31/12 threat of [D]eath." He includes a declaration that states that
5  injunctive relief is warranted due to the arbitrariness of the classification scoring system and
6  references a May 31, 2012 hearing, where he contends it was threatened that Plaintiff would be
7  kept in extra-restrictive ESP conditions until he died. He claims he has been kept at ESP due to
8  fraudulent write-ups.  Plaintiff then goes on include arguments about the merits of his claims
9  against Dr. Koehn.

## II. DISCUSSION

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

In addition, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a

> criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Plaintiff has not addressed whether he is likely to succeed on the merits, the likelihood of suffering irreparable harm in the absence of injunctive relief, the balance of hardships or the public interest. Moreover, from what the court can discern, it appears Plaintiff is complaining about events and circumstances unrelated to the claims proceeding in this action. A claim for injunctive relief must relate to the subject matter of this action. *See, e.g., Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). As such, the court recommends that Plaintiff's motion be denied.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motion for a preliminary injunction (Doc. # 101).

///
///
///
///
///
///
///
///

1    The parties should be aware of the following:

2    1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
3    this Report and Recommendation within fourteen days of receipt. These objections should be
4    titled "Objections to Magistrate Judge's Report and Recommendation" and should be
5    accompanied by points and authorities for consideration by the district judge.
6    2. That this Report and Recommendation is not an appealable order and that any notice of
7    appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
8    until entry of judgment by the district court.
9    DATED:  June 29, 2015.

                                                  _____
                                                  WILLIAM G. COBB
                                                  UNITED STATES MAGISTRATE JUDGE