1

2

3

4                          UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6    JERRY HOOKS,                            3:12-cv-00682-RCJ-WGC

7                            Plaintiff,      **REPORT & RECOMMENDATION OF**
                                             **U.S. MAGISTRATE JUDGE**
8          v.
                                             Re: Doc. # 102
9    BRUCE BANNISTER,

10                           Defendants.

11

12         This Report and Recommendation is made to the Honorable Robert C. Jones, United

13   States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to

14   28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is

15   Plaintiff's Motion to Have Exhibits Struck, Pretrial Memorandum & § 1623 Request for Partial

16   Judgment. (Doc. # 102.)[1] Defendants filed a response (Doc. # 105) and Plaintiff filed a reply

17   (Doc. # 115.)

18                                    **I. BACKGROUND**

19         Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC),

20   proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., Doc. # 14.) The

21   events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP).

22   (*Id.*) Defendants are Dr. Michael Koehn, Angela Gregerson, Gail Holmes, Steven Smith, Bruce

23   Bannister, Harold Byrne, James Cox, Boss, Renee Baker, Sheryl Foster, and Michael Cruse.

24   (Screening Order, Doc. # 35.)[2]

25   _____

26         [1] Refers to court's docket number.

27         [2] Service was never accepted on behalf of Boss and it does not appear that Plaintiff has served him to date;
     therefore, the court has concurrently issued a recommendation that the District Judge issue a notice of intent to
28   dismiss pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve Boss within 120 days of filing the
     amended complaint.

1    Plaintiff was allowed to proceed with Eighth Amendment deliberate indifference to

2  serious medical needs claims against Dr. Koehn, Gregerson, Holmes, Smith, Bannister, Byrne,

3  Cox, Boss, Baker and Foster, as well as retaliation claims against Dr. Koehn, Gregerson and

4  Holmes asserted in Counts III, VII and IX, based on the following allegations:

5    Plaintiff claims that Dr. Koehn confiscated his "keep-on-person" (KOP) medications,

6  including those for hypertension and severe, chronic back disorders and threatened to

7  discontinue all of his medications if he "continu[ed] to play lawyer." Nurses Gregerson and

8  Holmes allegedly failed to administer one part of Plaintiff's drug regimen or another in

9  retaliation for his lawsuit. Plaintiff suffered heart palpitations, headaches and chest pain as a

10  result. Boss allegedly ignored an emergency grievance of which he was aware for three hours

11  while Plaintiff gasped for breath and suffered chest pain. Plaintiff asserts he was finally taken to

12  the infirmary and admitted and treated for ten days for an irregular heart rhythm. Nursing

13  Assistant Steve Smith allegedly conspired with his supervisors to discontinue Plaintiff's

14  treatment. Plaintiff claims he suffered chest pain, headaches, and severe anxiety attacks for two

15  months. Defendants Baker, Foster, Byrne, and Bannister allegedly denied grievances about the

16  lack of treatment. Plaintiff also alleges that Dr. Koehn later discontinued heart medications and

17  let Plaintiff suffer with agonizing tooth pain for thirty days. Dr. Koehn ordered officers to

18  confiscate all Plaintiff's prescriptions and had him placed in an isolation cell for a day; then later

19  discontinued Plaintiff's medications for two months, and then six months later discontinued his

20  medications for another two months causing chest pain and anxiety. He alleges that Baker,

21  Bannister and Cox denied his grievances about the discontinuation of his medications. (Doc. # 35

22  at 8-11.)

23    Plaintiff was also allowed to proceed with a retaliation claim against Cruse in Count V

24  based on the allegation that Cruse prevented Plaintiff from getting certain personal property

25  when he was transferred to ESP, in retaliation for his litigation. (Doc. # 35 at 13.)

26    In this motion, Plaintiff states that he wants exhibits stricken from the records and

27  requests partial summary judgment. Like most of Plaintiff's filings, the motion is wandering and

28  difficult to decipher. He states that he has had arbitrary reclassification to conditions in ESP as

part of a reprisal campaign against him. He goes on to assert that once treatment has been prescribed by a specialist, a general practitioner violates the constitution by depriving a patient of prescription medications knowing it could cause wanton infliction of pain. He contends that supervisory liability does not require a showing that the supervising defendants had actual knowledge of foreseeable consequences of the offending behavior. He then states that he seeks a declaration of judgment from the court that his retaliatory transfer from medium closed custody to medium-maximum custody  then to supermax custody violates the Constitution.

Next, Plaintiff discusses his claim against Dr. Koehn, asserting that on February 2, 2011, Dr. Koehn threatened to discontinue Plaintiff's prescribed care if he kept "playing attorney." He states that Dr. Koehn determined Plaintiff was mentally incapable of self-administration. He asserts that Dr. Koehn discontinued his medications against in April 2013, violating NDOC policies.

Plaintiff then appears to contest the exhibits filed in support of Defendants' motion for summary judgment as unauthenticated. He then repeats some of his earlier arguments, and claims his medical records were doctored.

## II. DISCUSSION

First, to the extent Plaintiff seeks an order striking the exhibits filed in support of Defendants' motion for summary judgment as unauthenticated, that request should be denied as Defendants' properly authenticated all exhibits in support of their motion.

Next, insofar as Plaintiff asks for partial judgment in his favor, he has not met his burden under Rule 56. Namely, he has not clearly identified which claim he moves for judgment on, nor has he supported his arguments with citation to particular parts of materials in the record showing that a fact cannot be or is genuinely disputed. Fed. R. Civ. P. 56(a), (c)(1)(A)-(B), (e). This motion is more akin to a second sur-reply in response to Defendants' motion for summary judgment, which is not contemplated by the Local Rules. *See* LR 7-2(a)-(c).

In sum, the court recommends that this motion be denied.

///

///

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion to Have Exhibits Struck, Pretrial Memorandum & § 1623 Request for Partial Judgment (Doc. # 102).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  June 29, 2015.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE