UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY HOOKS, | 3:12-cv-00682-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: Doc. # 139 |
| BRUCE BANNISTER, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Request for Listing of Facts Not in Controversy, Pursuant to F.R.C.P 56(c); Evidence & Contemporaneously; Show Cause or TRO/Enjoinder of Prison Brd (NRS 209.101) AR 635 & OP 609 Approval. (Doc. # 139.)[1] Defendants have filed a response (Doc. # 140) and Plaintiff filed a reply (Doc. # 142).

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., Doc. # 14.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Defendants are Dr. Michael Koehn, Angela Gregerson, Gail Holmes, Steven Smith, Bruce Bannister, Harold Byrne, James Cox, Boss, Renee Baker, Sheryl Foster, and Michael Cruse. (Screening Order, Doc. # 35.)[2]

Plaintiff was allowed to proceed with Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Koehn, Gregerson, Holmes, Smith, Bannister, Byrne,

---

[1] Refers to court's docket number.

[2] Service was never accepted on behalf of Boss and it does not appear that Plaintiff has served him to date; therefore, the court has concurrently issued a recommendation that the District Judge issue a notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve Boss within 120 days of filing the amended complaint.

1  Cox, Boss, Baker and Foster, as well as retaliation claims against Dr. Koehn, Gregerson and
2  Holmes asserted in Counts III, VII and IX, based on the following allegations:
3      Plaintiff claims that Dr. Koehn confiscated his "keep-on-person" (KOP) medications,
4  including those for hypertension and severe, chronic back disorders and threatened to
5  discontinue all of his medications if he "continu[ed] to play lawyer." Nurses Gregerson and
6  Holmes allegedly failed to administer one part of Plaintiff's drug regimen or another in
7  retaliation for his lawsuit. Plaintiff suffered heart palpitations, headaches and chest pain as a
8  result. Boss allegedly ignored an emergency grievance of which he was aware for three hours
9  while Plaintiff gasped for breath and suffered chest pain. Plaintiff asserts he was finally taken to
10 the infirmary and admitted and treated for ten days for an irregular heart rhythm. Nursing
11 Assistant Steve Smith allegedly conspired with his supervisors to discontinue Plaintiff's
12 treatment. Plaintiff claims he suffered chest pain, headaches, and severe anxiety attacks for two
13 months. Defendants Baker, Foster, Byrne, and Bannister allegedly denied grievances about the
14 lack of treatment. Plaintiff also alleges that Dr. Koehn later discontinued heart medications and
15 let Plaintiff suffer with agonizing tooth pain for thirty days. Dr. Koehn ordered officers to
16 confiscate all Plaintiff's prescriptions and had him placed in an isolation cell for a day; then later
17 discontinued Plaintiff's medications for two months, and then six months later discontinued his
18 medications for another two months causing chest pain and anxiety. He alleges that Baker,
19 Bannister and Cox denied his grievances about the discontinuation of his medications. (Doc. # 35
20 at 8-11.)
21     Plaintiff was also allowed to proceed with a retaliation claim against Cruse in Count V
22 based on the allegation that Cruse prevented Plaintiff from getting certain personal property
23 when he was transferred to ESP, in retaliation for his litigation. (Doc. # 35 at 13.)
24     In this thirty-seven page motion (which exceeds the thirty-page limit for motions, L.R.
25 7-4), Plaintiff references a plethora of events, people and allegations extraneous to the claims
26 allowed to proceed in this action. (*I.e.,* references to censorship of his legal education, the prison
27 board of commissioners who are not parties to this action, his mental health issues, his parole
28 release date, dismissed defendant Sandoval, investigation of R 635, censorship.)

He references Federal Rule of Civil Procedure 56(c) on various occasions, without stating specifically what relief he seeks. Rule 56(c) states that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Defendants have adequately cited portions of the record in support of their motion for summary judgment. Therefore, Plaintiff's request for anything further is **DENIED**.

While the title of Plaintiff's motion references a request for temporary restraining order, order to show cause or other injunctive relief, his motion does not come close to addressing the prerequisites for injunctive relief−likelihood of success on the merits, likelihood of irreparable injury, balance of hardships or public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Nor does it relate to the claims proceeding in this action. Therefore, the court will not consider it as such.

For these reasons, Plaintiff's motion (Doc. # 139) is **DENIED**.

**IT IS SO ORDERED**.

DATED:  June 29, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE